UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIAN BIOLOGICS, LLC, a Delaware
corporation

       Plaintiff,

v.                          Case No:  2:15-cv-645-FtM-99CM

CELLMEDIX HOLDINGS, LLC
and PERFUSION.COM, INC.,

       Defendants.

---

## ORDER

Before the Court are Plaintiff's Motion to Compel and for Attorney's Fees (Doc. 26), Plaintiff's Unopposed Motion for Case Management Conference and to Amend the Scheduling Order to Extend Discovery Deadlines (Doc. 31), and Plaintiff's Unopposed Motion for Leave to Amend Complaint and to Join Additional Defendants (Doc. 37). On August 18, 2016, the undersigned held a hearing on the various motions and heard argument from the parties. For the reasons stated on the record, Plaintiff's Motion to Compel and for Attorney's Fees is granted in part and denied in part. The Court reserves ruling on Plaintiff's request for Attorney's Fees. Plaintiff's Unopposed Motion for Case Management Conference and to Amend the Scheduling Order to Extend Discovery Deadlines is granted. Plaintiff's Unopposed Motion for Leave to Amend Complaint and to Join Additional Defendants is granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Motion to Compel and for Attorney's Fees (Doc. 26) is **GRANTED in part and DENIED in part**.

2.      The parties are directed to meet and confer on or before **August 31, 2016** to develop key words for Defendants (and Plaintiff, for Defendants' requests) to perform a search of their servers for documents and emails to determine whether there are additional documents responsive to Plaintiff's requests for production. Defendants shall have up to and including **September 30, 2016** to produce any additional documents responsive to Plaintiff's requests.   If there are no additional documents responsive to the requests, Defendants shall issue a statement certifying that there are no additional documents.

3.      Prior to parties meeting to develop key words, Defendants shall identify the custodians, persons or entities with the appropriate knowledge of the information requested by Plaintiff.   To the extent Plaintiff has issue with the custodians, persons or entities identified, the parties shall address this issue when they meet and confer.

4.      Requests 26 and 27 are granted in part and denied without prejudice in part.   Defendants are directed to produce a sworn financial statement or accounting reports prepared by a third party detailing the information requested by Plaintiff in requests 26 and 27.   Plaintiff's requests for Defendants' tax returns is **DENIED without prejudice**.   Defendants shall have up to and including **September 30, 2016** to provide the sworn statements.

5.     Ruling is reserved on Plaintiff's request for attorney's fees.   Plaintiff shall have up to and including **September 19, 2016** to file supplemental briefing detailing Plaintiff's entitlement to fees and costs and the amount sought. Defendants shall have up to and including **October 3, 2016** to file a response.

6.     Plaintiff's Unopposed Motion for Case Management Conference and to Amend the Scheduling Order to Extend Discovery Deadlines (Doc. 31) is **GRANTED.**

7.     The Clerk is directed to issue an Amended Case Management and Scheduling Order.   All other deadlines and directives in the Case Management and Scheduling Order (Doc. 20) remain unchanged.[1]

8.     Plaintiff's Unopposed Motion for Leave to Amend Complaint and to Join Additional Defendants (Doc. 37) is **GRANTED.**

9.     Plaintiff shall have up to and including close of business on **Friday, August 19, 2016** to file its Amended Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[1] During the hearing, Defendants for the first time requested a *Markman* hearing prior to continuing with discovery.   Plaintiff opposed the request.   On February 9, 2016, Judge Steele directed the parties to notify the Court as to whether this case will warrant claim construction.   Doc. 17.   No party filed a response and the Court issued its Case Management and Scheduling Order.   Doc. 20.   Therefore, the Court is not inclined to postpone discovery at this juncture for a *Markman* hearing and advised Defendants that they may file a *Markman* motion in accordance with the Case Management and Scheduling Order.