UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIAN BIOLOGICS, LLC, a Delaware
limited liability corporation

      Plaintiff,

v.

Case No:   2:15-cv-645-FtM-99CM

CELLMEDIX HOLDINGS, LLC,
PERFUSION.COM, INC., NORTH
AMERICAN STERILIZATION
AND PACKAGING COMPANY,
INC., BRYAN V. LICH and PAUL
WIEBEL, JR. ,

      Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Motion to Quash Third Party Subpoenas (Doc. 42) filed on August 30, 2016 and Plaintiff's Supplemental Briefing in support of Plaintiff's Motion for Attorneys' Fees (Doc. 50) filed on September 19, 2016.  Plaintiff opposes Defendants' motion to quash, and Defendants oppose Plaintiff's request for attorney's fees (Doc. 26).   Docs. 42, 52.

### I.   Background

On October 14, 2015, Plaintiff filed a Complaint against Defendants Cellmedix Holdings, LLC ("Cellmedix") and Perfusion.com, Inc. ("Perfusion"), alleging patent infringement.   Doc. 1 ¶ 4.   Plaintiff is a corporation that develops and commercializes devices for preparing autologous platelet rich plasma from blood samples.  Id. ¶ 1.   Plaintiff is an assignee of a patent named "Centrifuge Tube

Assembly" (the "Patent"), which relates to an improved centrifuge tube assembly. *Id.* ¶ 7. Plaintiff alleges that Cellmedix manufactures and sells centrifuge tube assemblies and that Perfusion also sell similar products. *Id.* ¶¶ 8, 12. Plaintiff argues that Defendants' commercial activities constitute infringement of the Patent. *Id.* ¶ 15. After filing of the Complaint, on February 22, 2016, the Court entered a Case Management and Scheduling Order ("CMSO") setting the deadline for motions to amend pleadings or add parties to March 21, 2016 and the discovery deadline to September 15, 2016. Doc. 20.

On June 24, 2016, Plaintiff filed a Motion to Compel and for Attorney's Fees, seeking to compel Defendants to produce a full and complete response to Plaintiff's interrogatory and requests for production of documents as well as seeking attorney's fees associated with the motion to compel. Doc. 26. On July 8, 2016, Defendants filed a response in opposition to Plaintiff's motion to compel. Doc. 27. On July 19, 2016, Plaintiff filed a reply to Defendants' response after obtaining leave of court. Docs. 28, 29, 30. On July 22, 2016, Plaintiff filed an unopposed motion to extend the expert disclosure deadlines and the discovery deadline by at least sixty (60) days. Doc. 31. On August 11, 2016, Plaintiff filed an Unopposed Motion for Leave to Amend Complaint and to Join Additional Defendants. Doc. 37.

To address Plaintiff's various motions, on August 18, 2016, the Court held a hearing. Doc. 39. During the hearing, Plaintiff clarified that the parties disputed not over a specific discovery request but over Defendants' failure to commit to the agreed deadlines. Doc. 43 at 12. In response, Defendant stated that they were in

the process of producing responsive documents, but sought to limit the scope of discovery because this case involves only approximately $8,750. *Id.* at 25, 28. Based on the evidence and arguments presented, the Court granted in part and denied in part Plaintiff's motion to compel and granted the motion for extension and the motion to amend. Doc. 39. The Court also ordered the parties to submit supplemental briefing on Plaintiff's request for attorney's fees and reserved ruling on the issue. *Id.* at 3. On August 19, 2016, the Court entered an amended CMSO setting the deadlines for affirmative disclosure of expert reports to October 31, 2016 and for rebuttal to November 30, 2016, the discovery deadline to December 30, 2016, the mediation deadline to January 13, 2017, the deadline for dispositive motions to January 30, 2017, and a trial term of August 7, 2017. Doc. 41.

On September 22, 2016, Defendants substituted their counsel to their present attorneys, who currently are representing Defendants. Doc. 51. On October 13, 2016, the parties filed the joint motion to extend the amended CMSO deadlines. Doc. 55. The Court granted the motion, extending the discovery deadline to January 31, 2017 and the deadline for dispositive motions to March 3, 2017. Doc. 56. The case remains on the August trial term. *Id.*

## II.  Plaintiff's Request for Attorney's Fees (Doc. 26)

According to Plaintiff, the history of the parties' discovery disputes is as follows. Plaintiff served its First Requests for Production and Interrogatories on February 10, 2016. Doc. 50 at 2. On March 10, 2016, Defendants asked for a two-week extension to respond to the discovery requests, to which Plaintiff agreed on

certain conditions, including that Defendants produce all responsive documents. Doc. 50-1 at 4.  On March 15, 2016, Defendants produced some documents responsive to the discovery requests and also as part of the Rule 26 disclosures, stating that "these [were] not all the documents responsive to the request for production."  *Id.* at 8.  Plaintiff followed up with Defendants on April 4, 2016 because Defendants had not produced more documents after March 15, 2016.  *Id.* at 11.  Plaintiff inquired whether what Defendants already had produced constituted a complete response to Plaintiff's request for production, and if so, asked Defendants to produce a Rule 26(g) certification.  *Id.* at 10-11.  On April 25, 2016, the parties had a conference call to resolve the outstanding discovery disputes.  Doc. 50 at 2.

On May 3, 2016, Defendants produced a second response, which still seemed deficient to Plaintiff.  *Id.* at 2-3.  On June 17, 2016, the parties had a conference call regarding the discovery issues, during which Defendants did not confirm dates certain for the production of any remaining documents responsive to Plaintiff's requests for production and for a complete and full response to Plaintiff's interrogatory on Cellmedix.  *Id.* at 3.  Plaintiff asserts that overall, Defendants evaded their duty to supplement their deficient discovery responses and the parties' efforts to resolve the discovery disputes without the Court's involvement.  *Id.*  As a result, Plaintiff filed a motion to compel on June 24, 2016.  *Id.*  On July 7, 2016, Defendants produced additional documents and a 26(g) certification.  *Id.*

Plaintiff argues that Defendants should bear attorney's fees incurred by Plaintiff in preparing the motion to compel (Doc. 26), the motion for leave to file a

reply (Doc. 28), and its reply to Defendants' response to the motion to compel (Doc. 30). *Id.* Plaintiff argues that on numerous occasions, it tried to resolve the discovery disputes in good faith, but Defendants responded with untimely and boilerplate objections. *Id.* at 5. Furthermore, Plaintiff claims that Defendants should be sanctioned under Rule 26(g)(3) because their certification is improper. *Id.* at 6. Plaintiff cites to the hearing on August 18, 2016 during which Defendants stated that they needed to conduct additional searches for other responsive documents and that Defendants received additional responsive documents the night before. Doc. 43 at 48-50. As a result, Plaintiff seeks a total of $18,925 as reasonable attorney's fees associated with the motions to compel and for leave to file a reply (Docs. 26, 28) and its reply to Defendants' response (Doc. 30). Doc. 50 at 8.

In response, Defendants argue that Plaintiff did not clarify what it was seeking to compel until June 17, 2016 when the parties had a phone conference concerning the discovery disputes. Doc. 52 at 3; Doc. 50-1 at 23. According to Defendants, all prior discussions regarding discovery were non-specific. Doc. 52 at 3. Defendants argue that absent a meaningful and specific discussion, Defendants could not have recognized what their production purportedly was missing. *Id.* at 4. Defendants also state that Plaintiffs did not seek to have a keyword search on Defendants' servers to procure responsive documents. *Id.* Although Plaintiff's discovery requests encompass over 45,000 documents, Defendants allege that Plaintiff did not tailor its requests to what is proportional to the needs of this case. *Id.* at 4.

Here, the Court finds Plaintiff's argument persuasive that Defendants should bear Plaintiff's attorney's costs. As Plaintiff points out, Defendants produced and supplemented their responses three times in the span of five months after Plaintiff served its discovery requests on February 10, 2016: first on March 15, 2016, second on May 3, 2016, and lastly on July 7, 2016. Doc. 30-3; Doc. 50 at 2-3; Doc. 50-1 at 8, 19. Even then, Defendants were fully aware that their three productions were deficient, demonstrated by the statement of Defendants' counsel during the hearing on August 18, 2016 that Defendants still had more searches to do, and by Defendants' late 26(g) certification finally produced on July 6, 2016. Doc. 30-1 at 1-2; Doc. 43 at 49-50; Doc. 50 at 2. Had Defendants believed Plaintiff's discovery requests were overly burdensome and broad given the scope of this case, Defendants had many venues to pursue: they could have moved for a protective order or sought Plaintiff's clarification of what exactly Plaintiff wanted them to supplement and negotiated to reduce the scope of discovery. Doc. 52 at 5-6. Instead, Defendants untimely produced incomplete sets of documents after the parties' agreed deadlines had passed. *Id.* at 2-3; Doc. 50-1 at 4, 8, 10, 18, 23. Furthermore, Defendants' brief in opposition does not focus on explaining their conduct during the discovery process, but rather on highlighting Plaintiff's faults. Doc. 52 at 2 ("Plaintiff was equally at fault for failing to negotiate ESI search terms in good faith at the outset of this case.").

If a motion to compel is granted in part, the court may, "after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Plaintiff has provided an itemized chart of the hours spent on

bringing the motion to compel (Doc. 26), which shows a total of 51.4 hours at the rate of $455 per hour for counsel Alejandro Fernandez and $350 per hour for counsel Stephen Leahu. Doc. 50 at 9; Doc. 50-3 at 8-18. Defendants contest that the total number of hours submitted by Plaintiff is not reasonable because Plaintiff's time entries are vague or intertwined with other topics not covered by the motion to compel. Doc. 52 at 7. Because Defendants untimely produced insufficient sets of documents and Plaintiff's motion to compel (Doc. 26) addressed a number of outstanding discovery requests,[1] the Court finds Plaintiff's requested fees of $18,925 to be reasonable. Doc. 50 at 9. Accordingly, the Court awards the attorney's fees of $18,925 to Plaintiff.

> In addition, Rule 26(g) of the Federal Rules of Civil Procedure requires that:
>
> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> (B) with respect to a discovery request, response, or objection, it is:
>
>    (i)    consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

---

[1] Plaintiff sought to compel Defendants (1) to produce a full and complete response to Interrogatory No. 1 and (2) to produce responsive documents to Requests Nos. 4, 11, 12, 13, 14, 15, 16, 17, 26, 27, 31, 32, 33, 36, 39, 40, 43, 46, 47, and 48. Doc. 26. Plaintiff sought to discover the extent and circumstances of Defendants' commercialization of the device in question, revenues from sales, Defendants' knowledge of the Patent, Defendants' attempts to redesign in light of the Patent, Defendants' efforts to conceal infringement, and Defendants' inducement of others to infringe the Patent. *Id.* at 2.

> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g). In other words, the signature "certifies that the filing conforms to the discovery rules, is made for a proper purpose, and does not impose undue burdens on the opposing party in light of the circumstances of the case." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997). This rule imposes a duty on an attorney to make a reasonable inquiry under the circumstances. Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment. Under this rule, "every discovery request, response, or objection should be grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law." *Id.* The standard under Rule 26(g) depends heavily on the circumstances of each case, and the certification "speaks as of the time it is made." *Id.*

If a certification is improper without substantial justification, "the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). Available sanctions include "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3). The decision to impose sanctions under Rule 26(g)(3) is not discretionary. *Chudasama*, 123 F.3d at 1372. "Once the court makes the factual determination that a discovery filing was signed in violation of the rule, it must impose an appropriate sanction." *Id.* (quotation marks omitted).

The district court, however, has a discretion to decide what sanction is appropriate. *Id.* A party who allegedly has failed to comply with Rule 26 has the burden to show that its actions were substantially justified or harmless. *Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262, 1268 (M.D. Fla. 2006).

Here, the Court finds persuasive Defendants' argument that Defendants should not be sanctioned under Rule 26(g)(3). Plaintiff argues that Defendants' 26(g) certification is improper because Defendants conducted insufficient research in preparation of their responses to Plaintiff's discovery requests. Doc. 50 at 6. In response, Defendants assert that Plaintiff's discovery requests were overly broad and burdensome given the scope of this case and that Defendants could not have completed research in producing responsive documents absent an adequate description of deficient topics and a negotiation of search terms. Doc. 52 at 4-5. As of July 6, 2016 when Defendants made their 26(g) certification, because the amount in controversy here is not great and given the absence of the parties' negotiation over search terms, Defendants were not unreasonable in objecting on the ground that the requests were overly broad or burdensome and in producing what they did on July 7, 2016. *See* Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment. Hence, Defendants have demonstrated substantial justifications for their 26(g) certification. *See Parrish*, 471 F. Supp. 2d at 1268.

### III. Defendants' Motion to Quash Third Party Subpoenas (Doc. 42)

Defendants allege that in August 2016, Plaintiff served twenty-one third party subpoenas to Defendants' customers. Doc. 42 at 1. Defendants submitted one of

the subpoenas as an example, which contains twenty-two (22) requests for production of documents. Doc. 42-1 at 10-12. The requests seek comprehensive information about Defendants' device in question, communications between Defendants and their customers, fees and payments, a list of other clients and customers who received the device in question. Doc. 42 at 1. Five of the subpoenas were due September 1, 2016, and sixteen (16) were due September 7, 2016.[2] *Id.* Defendants seek to quash all of the subpoenas. *Id.* at 2.

Pursuant to Rule 45, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). A party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979);[3] *see also Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006). The court has held that a party seeking to quash a subpoena aimed at a party's financial records does not have standing to move to quash the subpoena under Rule 45 because the party has no expectation of privacy

---

[2] Defendants filed their motion to quash on August 30, 2016, and Plaintiff filed its response on September 13, 2016. Docs. 42, 48.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

in the business transactions with other corporations. *Auto-Owners Ins. Co. v. Se. Floating Docs, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *see also Cornett v. Lender Processing Servs. Inc.*, No. 3:12-cv-233-J-32TEM, 2012 WL 5305990, at *2 n. 3 (M.D. Fla. Oct. 29, 2012). Here, as Plaintiff argues, Defendants do not sufficiently show their standing to challenge Plaintiff's subpoenas. Doc. 42; Doc. 48 at 2-3; *see Brown*, 595 F. 2d at 967.

Even if a party lacks standing to challenge a subpoena under Rule 45, the court may construe a motion to quash a subpoena as a motion for a protective order under Rule 26(c). *Auto-Owners Ins. Co.*, 231 F.R.D. at 429. Rule 26(c) provides that "a party or any person" may move for a protective order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court, upon showing of good cause, may issue a protective order including "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery" and "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c). "Rule 26(c) gives the district court discretionary power to fashion a protective order." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). The court's decision to enter a protective order does not depend on a legal privilege. *Auto-Owners Ins. Co.*, 231 F.R.D. at 429.

In addition, Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery

> outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides that among the factors considered in deciding the scope of discovery are "whether the burden or expense of the proposed discovery outweighs its likely benefit," "the parties' relative access to relevant information," and "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). The court must limit the extent of discovery if it finds that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other sources that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Here, the Court finds that Plaintiff's subpoenas might be overly broad and burdensome and not proportional to the needs of the case. Doc. 42 at 4-12. This case involves approximately $8,750, and Defendants allege that per the Court's Order (Doc. 39), they still are in the process of responding to Plaintiff's discovery requests. Doc. 42 at 3; Doc. 43 at 12. Furthermore, Defendants argue that the subpoenas force Defendants' customers to undergo an exhaustive search of their records when Defendants either already have the requested documents or have less costly methods to discover the same documents. Doc. 42 at 4-12. Given the scope of this case and Defendants' arguments, the Court finds that serving twenty-one (21) subpoenas to all of Defendants' customers with similar or identical requests might not be proportional to the needs of this case and might be burdensome or cumulative. *See* Fed. R. Civ. P. 26(b)(1).

The Court, however, cannot reach a conclusive resolution because Plaintiff alleges that the parties have not conferred regarding Defendants' specific objections and that the subpoenas will discover information Defendants do not possess. Doc. 48 at 3-4, 7-8.  In addition, neither parties' briefs clearly define (1) what the parties already have, (2) what less costly and easier methods to discover materials are available, and (3) what the parties are willing to identify or produce without the Court's intervention.  Docs. 42, 48.

Before resorting to the Court regarding discovery disputes, the parties must conduct adequate and proper legal research and submit concise and simple briefs. Defendants' brief contains each response to twenty-two (22) requests contained in the subpoena (Doc. 42-1 at 10-12), and each response is substantially similar to the other. Doc. 42 at 4-12.  Defendants also do not sufficiently show that they have standing to challenge Plaintiff's subpoenas.  *Id.*  Furthermore, the parties should not object or argue based on what would lead to the discovery of admissible evidence because effective December 1, 2015, the phrase "reasonably calculated to lead to the discovery of admissible evidence" is no longer part of Rule 26(b)(1); Doc. 42 at 4-8; Doc. 43 at 4-5. "The former provision of [Rule 26(b)(1)] for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is [] deleted."  Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

Based on the above reasons and, the Court will deny without prejudice Defendants' motion to quash and direct the parties to have a meaningful discussion

over what discovery materials they already have and are in the process of producing. Only if the parties cannot resolve their disputes after exchanging information and discussing in good faith should they resort to the Court's help and present meaningful arguments for the Court to consider.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion to Quash Third Party Subpoenas (Doc. 42) is **DENIED without prejudice**.

2. Plaintiff's Request for Attorney's Fees (Doc. 26) is **GRANTED**. The Court awards attorney's fees and costs of $18,925 to Plaintiff.

3. Plaintiff's Request to Sanction Defendants under Rule 26(g)(3) (Doc. 50) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record