UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIAN BIOLOGICS, LLC, a
Delaware limited liability
corporation,

    Plaintiff,

v.                                       Case No: 2:15-cv-645-FtM-29CM

CELLMEDIX HOLDINGS, LLC, a
New Jersey limited liability
company, PERFUSION.COM,
INC., a Florida corporation,
NORTH AMERICAN STERILIZATION
AND PACKAGING COMPANY, INC.,
a New Jersey corporation,
BRYAN V. LICH, an individual
Florida resident, and PAUL
WIEBEL, JR., an individual
New Jersey resident,

    Defendants.

_____

**OPINION AND ORDER**

This matter came before the Court on the parties' Joint Motion for Entry of Stipulated Final Judgment (Doc. #75) filed on March 28, 2017, wherein the parties requested that the Court retain jurisdiction to enforce an undisclosed settlement agreement. Upon review, the Court directed the parties to file a memorandum of reasons why jurisdiction should be retained. (Doc. #76.) On April 12, 2017, plaintiff filed a Memorandum of Reasons (Doc. #77)

and an Unopposed Motion to Seal Document in Support of Memorandum of Reasons for the Court to Retain Jurisdiction (Doc. #78).

The parties seek to dismiss this case with prejudice pursuant to a Settlement Agreement which requires the Court to retain jurisdiction over its enforcement for six years. Because of confidential provisions, the parties also seek to file the Settlement Agreement under seal for the Court's consideration.

In the Memorandum of Reasons, plaintiff argues that another judge in the Middle District has retained jurisdiction in a similar case with similar terms; that the retention of jurisdiction would be for a limited time through at least December 6, 2022[1]; that federal jurisdiction would exist to enforce the Settlement Agreement under 28 U.S.C. § 1338 because "an infringement analysis may be required" raising a "substantial question of patent law"; and that the Court is permitted to retain jurisdiction. The Court is unpersuaded that it should retain jurisdiction for almost six years.

The fact that another judge in the Middle District of Florida has retained jurisdiction in a patent case is certainly not dispositive. The Court does not doubt that it has the authority to do so, but only questions the need to do so for the length of

---

[1] Plaintiff suggests March 31, 2023, which allows a few extra months for a reporting period.

time the parties contemplate.  The parties essentially want to dismiss the patent suit and have the Court retain jurisdiction over a potential future breach of contract claim.  A federal court may or may not have jurisdiction over such a breach of contract claim.  "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013).  If resolution of the breach is only "backward-looking", it has no impact on the prior federal patent litigation.  Id. at 1066–67.  But cf. Jang v. Boston Sci. Corp., 767 F.3d 1334, 1337 (Fed. Cir. 2014) ("[c]ontract claims based on underlying ongoing royalty obligations, [ ] raise the real world potential for subsequently arising infringement suits affecting other parties.").  The Court need not resolve that issue.

Filing a Settlement Agreement under seal is problematic for the parties.  "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citation omitted).  With regard to settlement agreements,

> [i]t is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances . . . the court file must remain accessible to the public.
>
> Thus, because it is the rights of the public, an absent third party, that are at stake, any member of the public has standing to view documents in the court file. . . .

Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). A desire to prevent use of a record in another proceeding is "simply not an adequate justification for its sealing." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985).

Further, under this Court's Local Rules, "[n]o settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of nonparties without either the opportunity or ability to protect themselves." M.D. Fla. R. 1.09(a). In any event, "[u]nless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion. . . ." M.D. Fla. R. 1.09(c).

Plaintiff seeks leave to file the settlement agreement under seal based on the parties' agreement to limit disclosure, and because the document contains confidential royalty and payment terms. The Court does not find these to be the type of extraordinary circumstances warranting the sealing of the settlement agreement.

After review of the memorandum of reasons, the Court will deny the Motion to Seal (Doc. #78) and the Joint Motion for Entry of Stipulated Final Judgment (Doc. #75). The parties may elect to file a stipulation for dismissal of this case, without the caveat that the Court retain jurisdiction. In the alternative, if retention of jurisdiction is a necessary component of the settlement, the parties shall so notify the Court and the matter will be reopened for further proceedings pursuant to the Case Scheduling and Management Order.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Unopposed Motion to Seal Document in Support of Memorandum of Reasons for the Court to Retain Jurisdiction (Doc. #78) is **DENIED.**

2. The parties' Joint Motion for Entry of Stipulated Final Judgment (Doc. #75) is **DENIED.**

3. The parties shall notify the Court within **fourteen (14) days** whether the case needs to be reopened.

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of April, 2017.

                                      */s/ John E. Steele*
                                      JOHN E. STEELE
                                      SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record